Waties, J,,
was of opinion, that by thé fourth section of the act of 1789} P. L. 488, which prescribes, that “ all process issuing from the said circuit courts respectively, shall be made returnable to the next court after the date of such process, shall be returned, &c., and all pleadings thereupon shall he made at such court, and he ready for trial at the next circuit court after,” the defendant in an action by summary process, had the same right to a continuance, as if the action were in common form; and there was no reason why a man, who was charged with a small debt, should not have an equal indulgence in making his defence, with one who is charged with a greater sum.
The other judges all concurred in opinion, that the act of 1789 floes not relate to summary process, inasmuch as that act direcis, *82 that all pleadings, on such process as the act speaks of, shall be made up at the appearance court, and it never was customary to make up any pleadings on summary process. Moreover, the design of the act of 1709, P. L. 270, would be defeated if this construction should not prevail; for the act must have had two principal objects in view : 1. The speedy determination of trifling controversies. 2. The determination of such suits, with as little expense to the parties as possible. With these objects in view, the legislature has established a summary jurisdiction, not, however, depriving either party of the privilege of a trial by jury, if he demands it, for the prompt despatch of this sort of business, by a simple mode of procedure, without any of the tedious, circumlocutory, and 'tortuous forma that are necessary in other eases. In order that the defendant should have timely notice of the nature of the charge exhibited against him, it is necessary that he should be served with the plaintiff’s petition, containing his charge or demand, distinctly set forth, twenty days before the sitting of the court; whilst other process might be served at any time, four days before court. And in order that the plaintiff might not be surprized at the trial, by a defence he was not aware of, the old rule of court required the defendant to file his defence on or before the first day of court, and give notice thereof to the plaintiff or his attorney. In case a jury trial is demanded, the act of 1769 directs the judges to order issue to be joined immediately, and the cause to be tried without delay. This issue need not be a formal issue, in every respect conformable to the pleading in other cases, but a simple plain denial, or plea in writing, &c.; for the judges are authorised to make all necessary rules and orders for promoting the design of the legislature in passing this act.
It is, however, to be understood, that in all cases where either party can shew good cause for continuing the case over to the next court, the same shall be continued over. But both parties ought to use due diligence to be ready for trial at the appearance court. And if the defendant neglects to file his defence on or before the first day of court, he is to be considered as a defaulter ; and though he shall be allowed the privilege of such a defence, as may be made with safety to the plaintiff, without notice, he shall not be allowed to set up any other defence: and, therefore, he cannot move for a continuance of the cause.